IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FREDERICK W. SMITH, JR., :
:
    Plaintiff, :
:
v. : Civil Action No. 14-1340-RGA
:
THE STATE OF DELAWARE, et al., :
:
    Defendants. :

Frederick W. Smith, Jr., James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

January 16, 2015
Wilmington, Delaware

*[signature]*
ANDREWS, U.S. District Judge:

Plaintiff Frederick W. Smith, Jr., an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

In November 1993, a Delaware Superior Court jury convicted Smith of two counts of unlawful sexual intercourse in the second degree and single counts of unlawful sexual penetration in the third degree and assault in the third degree. *See In re Smith*, 93 A.3d 655 (table) (Del. 2014). The convictions were confirmed on direct appeal. *Id.* Since then, Smith has filed numerous unsuccessful motions and petitions seeking state postconviction, state habeas, and federal habeas relief. On September 10, 2009, the Delaware Supreme Court concluded that "Smith's excessive and repetitious filings constitute[d] an abuse of process of th[e] Court" and "enjoined [him] from filing any future claims in th[e Delaware Supreme] Court concerning his 1993 convictions without first seeking leave of court." *Id.*

Smith alleges that Defendant State of Delaware is in violation of Superior Court Criminal rules, making his conviction wrongful. He states that he is mentally ill, having been diagnosed as schizophrenic for 21 years and having spent a few months at the Delaware Psychiatric Center in 2004. Smith alleges that he is not receiving psychiatric care and treatment. Smith seeks declaratory relief, nominal damages, and asks to be phased out of the prison system due to his mental illness.

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Smith proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when

2

ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Smith leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the Court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted). The last step is "a context-specific task that requires the

3

reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To the extent that Smith attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Torrence v. Thompson,* 435 F. App'x 56 (3d Cir. 2011). A plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994). Here, Smith has not alleged or proven that his conviction or sentence was reversed or invalidated as provided by *Heck*. In fact, Smith has been so unsuccessful, the State Court has enjoined him from filing future claims concerning his conviction without first seeking leave of court. *See In re Smith*, 93 A.3d 655. To the extent Smith seeks damages for his current incarceration, his claim rests on an "inarguable legal conclusion" and is frivolous. *Neitzke*, 490 U.S. at 326.

Further, all defendants are immune from suit. The State of Delaware has immunity by reason of the Eleventh Amendment to the United States Constitution. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). The New Castle County Superior Court Presiding Judge has judicial immunity. *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180 (3d Cir. 2009); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). Finally, the Delaware Attorney General has prosecutorial

4

immunity. See Odd v. Malone, 538 F.3d 202, 208 (3d Cir. 2008); Imbler v. Pachtman, 424 U.S. 409, 410 (1976).

For the above reasons, the Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). The Court finds that amendment is futile.

An appropriate order will be entered.